THE KANSAS & COLORADO PACIFIC RAILWAY COMPANY v. BENJAMIN CURRY.

### No. 214.

CONTRACT—*for an annual pass is a divisible contract.* A contract to issue or procure the issuance of an annual pass to be renewed from year to year during the pleasure of the promisee, is a divisible contract, and the measure of damages for the breach thereof is the value of the transportation to such promisee during the years the breach has occurred; and an action may be maintained by the promisee for only such breaches as have occurred at the time of the commencement of the action.

Error from Franklin District Court. Hon. A. W. Benson, Judge. Opinion filed December 22, 1897. *Reversed.*

*Waggener, Horton & Orr,* for plaintiff in error.
*Deford & Deford,* for defendant in error.

DENNISON, P. J. This action was commenced in the District Court of Franklin County, Kansas, by

562     RAILWAY Co. v. CURRY.

S. Dept.     Opinion.   Dennison, P. J.     6 Kan. App.

Benjamin Curry, as plaintiff, against the Kansas & Colorado Pacific Railway Company, as defendant, to recover the damages alleged to have been sustained by Curry on account of the breach of a contract made by the Railway Company to furnish him with an annual pass over the Missouri Pacific Railway system to be renewed from year to year during the pleasure of said Curry. During the trial of the case, the court permitted the introduction of the Carlisle Table of Expectancy of Life, as found in Brand's Encyclopedia of Science, Literature and Art, and other testimony showing the age of Curry. The court also instructed the jury :

" The measure of damages in this case is the value of a pass for the plaintiff over the entire Missouri Pacific system of railroads in the United States from the first day of January, 1888, during the probable time of his life in which he would desire it, and until he should cry ' enough.' "

The court erred both in permitting the introduction of evidence and in its instructions, because of this theory of the measure of damages.

A contract to issue or procure the issuance of an annual pass to be renewed from year to year during the pleasure of the promisee, is a divisible contract, and the measure of damages for the breach thereof is the value of the transportation to such promisee during the years the breach has occurred ; and an action may be maintained by the promisee for only such breaches as have occurred at the time of the commencement of the action.

This doctrine is laid down by our Supreme Court in *Curry v. Railway Co.* (58 Kan. 6, 48 Pac. Rep. 579). Counsel for the defendant in error contend that the statements of the Supreme Court upon this point in

the above case are *obiter dictum*.   From a careful read-
ing of the opinion we think otherwise.   In either event
it is a correct interpretation of the law.

   A more complete statement of the facts in these cases
is contained in the opinion of the Supreme Court in
*Curry v. Railway Co.*, supra, which is an action upon
the same contract sued on in this case, and most of
the questions argued in this case are decided there.
The others can be corrected by a new trial, which must
be ordered.

   The judgment of the District Court is reversed, and
the cause remanded for a new trial.